### A. B. DAVIS, JR. VS. NATCHEZ, RED RIVER AND TEXAS RAILROAD COMPANY.

GUNBY, J.   Where a railroad train is run backwards at night, and a mule is killed by it, the killing will be held negligent, unless it be shown that a bright headlight and sharp lookout was at the end of the moving train, and in advance of it.

2.   Where stock are seen feeding near the railroad track, say within fifteen feet of the track, the view being unobstructed, and the embankment being nearly on a level with the ground whereon the stock are feeding, it is the duty of the locomotive engineer to check, or prepare to check, the speed of his train, and to blow the alarm whistle to frighten the stock away from the track.

3.   Where hay, stacked 100 feet away from the track, catches afire in mid-day, very shortly after a railroad engine passes, it will be held that the fire originated from the sparks of the engine, where no other probable cause for it is shown.

4.   It being proved that said engine had caused other fires, that it was sometimes run without a spark-arrester, that, though it was a coal-burning engine, wood was frequently burned therein, and that it emitted from its smoke-stack an unusual volume of large sparks, it will be held that the hay was burned through negligence and want of care, although no specific act of negligence be proved at the time the fire occurred; hence, the Company will be condemned to pay the value of the hay burned.

5.   Where said fire occurred in November and burned the hay stubble, and it is proved that this fact, owing to the severe winter which followed, materially reduced the yield of the meadow during the next two years, the alleged decrease in these crops will not be allowed as damages; injury to future crops is too uncertain, contingent and remote, to form a proper standard for the measure of damages in any case.

6.   Where a witness, owing to his situation, occupation, training and experience, has peculiar means of knowledge, regarding a subject about which he is specially and pointedly examined and cross-examined, his testimony alone will outweigh that of several witnesses who have no such means and who make general statements, called out by general questions, in conflict with his.